United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Garfield Williams, Sr  
Alexis C. Morris-Williams  
      Debtors

Case No. 15-16667-jkf  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: admin     Page 1 of 2     Date Rcvd: Aug 09, 2019  
                   Form ID: 3180W     Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 11, 2019.
```
db/jdb         #+Garfield Williams, Sr,    Alexis C. Morris-Williams,    315 Towns Place, Apartment A,
                 King of Prussia, PA 19406-3371
13642695       ++ASCENDIUM EDUCATION SOLUTIONS  INC,    PO BOX 8961,    MADISON WI 53708-8961
                (address filed with court:   NAVIENT SOLUTIONS, INC ON BEHALF OF USA FUNDS,
                 ATTN: BNKRPTCY LITIGATION UNIT E3149,    PO BOX 9430,    WILKES-BARRE, PA 18773-9430)
13610736       +++CACH, LLC,    PO Box 10587,    Greenville, SC 29603-0587
13873880        ECMC,    PO Box 16408,    St. Paul, MN 55116-0408
13622031       +Midland Credit Management, Inc. as agent for,    MIDLAND FUNDING LLC,    PO Box 2011,
                 Warren, MI 48090-2011
13609523       +PNC Bank, N.A.,    3232 Newmark Drive,    Miamisburg, OH 45342-5421
14125162        United Student Aid Funds, Inc (USAF),    PO Box 8961,    Madison WI 53708-8961
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Aug 10 2019 04:01:45      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 10 2019 04:00:03
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 10 2019 04:01:41      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13627254       +EDI: CINGMIDLAND.COM Aug 10 2019 07:28:00      AT&T Mobility II LLC,    %AT&T SERVICES INC.,
                 KAREN A. CAVAGNARO  PARALEGAL,    ONE AT&T WAY, SUITE 3A104,    BEDMINSTER, NJ. 07921-2693
13608954        EDI: GMACFS.COM Aug 10 2019 07:28:00      Ally Financial,    PO Box 130424,
                 Roseville, MN 55113-0004
13873880        EDI: ECMC.COM Aug 10 2019 07:28:00      ECMC,    PO Box 16408,    St. Paul, MN 55116-0408
13636680        EDI: RESURGENT.COM Aug 10 2019 07:28:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of HSBC Receivables,    Acquisition Corporation (USA) IV,    Resurgent Capital Services,
                 PO Box 10587,    Greenville, SC 29603-0587
13657993       +E-mail/Text: bankruptcygroup@peco-energy.com Aug 10 2019 03:59:44      PECO Energy Company,
                 Attn: Merrick Friel,    2301 Market Street, S23-1,    Philadelphia, PA 19103-1380
13627589        EDI: PRA.COM Aug 10 2019 07:28:00      Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13652998       +EDI: JEFFERSONCAP.COM Aug 10 2019 07:28:00      Premier Bankcard, Llc,
                 c o Jefferson Capital Systems LLC,    Po Box 7999,    Saint Cloud Mn 56302-7999
13602026        EDI: Q3G.COM Aug 10 2019 07:28:00      Quantum3 Group LLC as agent for,    Sterling Jewelers Inc,
                 PO Box 788,    Kirkland, WA  98083-0788
13653652        EDI: NEXTEL.COM Aug 10 2019 07:28:00      Sprint Corp.,    Attn Bankruptcy Dept,    PO Box 7949,
                 Overland Park KS 66207-0949
                                                                                              TOTAL: 12
```

```
               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '+++' were transmitted to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(e).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 11, 2019                                  Signature:   /s/Joseph Speetjens

```
District/off: 0313-2          User: admin                Page 2 of 2                   Date Rcvd: Aug 09, 2019
                              Form ID: 3180W             Total Noticed: 18
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 8, 2019 at the address(es) listed below:

```
          DANIEL P. MUDRICK    on behalf of Attorney Daniel P Mudrick dpmudrick@verizon.net,
           G30229@notify.cincompass.com
          DANIEL P. MUDRICK    on behalf of Joint Debtor Alexis C. Morris-Williams dpmudrick@verizon.net,
           G30229@notify.cincompass.com
          DANIEL P. MUDRICK    on behalf of Debtor Garfield  Williams, Sr dpmudrick@verizon.net,
           G30229@notify.cincompass.com
          DANIEL W. MCCARTNEY, JR.    on behalf of Joint Debtor Alexis C. Morris-Williams
           daniel.mccartney.esq@gmail.com
          DANIEL W. MCCARTNEY, JR.    on behalf of Debtor Garfield  Williams, Sr
           daniel.mccartney.esq@gmail.com
          DAVID   NEEREN    on behalf of Creditor    PNC Bank, National Association dneeren@udren.com,
           vbarber@udren.com
          KEVIN G. MCDONALD    on behalf of Creditor    PNC Bank, National Association bkgroup@kmllawgroup.com
          POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com,
           ecf_frpa@trustee13.com
          SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com,  ecf_frpa@trustee13.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 10
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Garfield Williams Sr** | Social Security number or ITIN  xxx–xx–4410 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Alexis C. Morris–Williams** | Social Security number or ITIN  xxx–xx–5241 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **15–16667–jkf**

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Garfield Williams Sr                Alexis C. Morris–Williams

8/8/19                      **By the court:**   Jean K. FitzSimon
                                United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**